[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 26, 2009
THOMAS K. KAHN
CLERK

No. 08-16683
Non-Argument Calendar

_____

D. C. Docket No. 08-00170-CR-2-LSC-TMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD KEWON CRUSE,
a.k.a. Groove,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(August 26, 2009)

Before TJOFLAT, EDMONDSON and WILSON, Circuit Judges.

PER CURIAM:

Ronald Kewon Cruse appeals the denial of a motion to suppress evidence

from a search of his residence, during which law enforcement recovered drugs and a firearm.

On May 16, 2007, Deputy John F. Weatherly of the Jefferson County Sheriff's Department presented an affidavit in support of a search warrant to a Jefferson County judge. The affidavit averred that a reliable confidential informant had informed Deputy Weatherly that he had been in an apartment within the past 48 hours and had seen a "quantity of marijuana" there. The affidavit, through the confidential informant, described the resident and provided directions to the apartment. The confidential informant advised that the apartment was used to distribute marijuana. The state judge issued the warrant. It authorized a search for, *inter alia*, firearms and drugs as well as "[a]ny and all other material evidence of violations of Criminal Code of Alabama, together with fruits, instrumentalities and evidence of crimes at this time unknown," the so-called "catch-all" provision. On May 22, 2007, law enforcement executed the warrant, during which they recovered a loaded Hi-Point .40 caliber pistol and 31 grams of marijuana.[1]

In April 2008, a federal grand jury indicted Cruse for possession of a firearm by an unlawful user of a controlled substance pursuant to 18 U.S.C. § 922(g)(3).

---

[1] The magistrate judge noted that the return on the warrant was not included in the exhibits filed before the district court, but that it "appears that the Hi-Point pistol alleged in the indictment was seized." No one argues to the contrary.

Cruse filed a motion to suppress the pistol. A magistrate judge found that, although the search warrant constituted a "general warrant" in violation of the Fourth Amendment, the good faith exception to the warrant requirement, pursuant to *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405 (1984), nevertheless "saved" the pistol from suppression. As such, the magistrate judge denied the motion. Cruse objected, but the district court accepted the magistrate judge's report and recommendation. Cruse plead guilty and reserved the right to appeal. The district court sentenced Cruse to 24 months imprisonment, and this appeal followed.

On appeal, Cruse argues that the district court erred in determining that the good faith exception to the exclusionary rule applied. First, Cruse argues that the district court failed to address his contention that the state court judge acted as an adjunct to law enforcement. Specifically, he contends that the state court judge abandoned her neutral role because she authorized the seizure of items that were not mentioned in the officer's affidavit, and she included a "catch-all" provision that made the warrant a general search warrant. Cruse further argues that the officers could not have reasonably relied upon the warrant based on *Groh v. Ramirez*, 540 U.S. 551, 124 S. Ct. 1284 (2004), because the warrant authorized a general search. Furthermore, the officers could not have reasonably relied on the

warrant in light of the disparity between the warrant authorizing the seizure of numerous items when the affidavit only mentioned marijuana. Cruse also argues that the execution of the warrant was unreasonable because the information was stale, as it was executed approximately one week after the marijuana was observed.

"We review *de novo* the legal issue as to whether the *Leon* good faith exception to the exclusionary rule applies to this search, whereas the underlying facts upon which that determination is based are binding on appeal unless clearly erroneous." *United States v. Martin*, 297 F.3d 1308, 1312 (11th Cir. 2002) (internal quotation marks and citation omitted).

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures. . . ." U.S. Const. amend. IV. Of particular relevance here, it further provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." *Id.* "The manifest purpose of this particularity requirement was to prevent general searches." *Maryland v. Garrison*, 480 U.S. 79, 84, 107 S. Ct. 1013, 1016 (1987). The exclusionary rule is "a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect. . . ." *United States v. Calandra*, 414 U.S. 338, 348, 94 S. Ct. 613, 620

4

(1974).

*Leon* "stands for the principle that courts generally should not render inadmissible evidence obtained by police officers acting in reasonable reliance upon a search warrant that is ultimately found to be unsupported by probable cause." *Martin*, 297 F.3d at 1313. We have explained that the *Leon* good faith exception applies in all but four limited sets of circumstances:

> (1) the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) where the issuing magistrate wholly abandoned his judicial role in the manner condemned in *Lo-Ji Sales, Inc. v. New York*, 442 U.S. 319, 99 S. Ct. 2319 (1979); (3) where the affidavit supporting the warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where, depending upon the circumstances of the particular case, a warrant is so facially deficient- i.e., in failing to particularize the place to be searched or the things to be seized-that the executing officers cannot reasonably presume it to be valid.

*Id.* (internal quotation marks omitted). Here, Cruse challenges the application of the good faith exception based on the second, third, and fourth circumstances. We find that this case does not fit within any of the described circumstances.

First, there is no indication that the state court judge wholly abandoned her judicial role by failing to independently assess the affidavit or by participating in

5

the process beyond the issuing of the warrant. In *Lo-Ji Sales*, the Supreme Court held that a magistrate judge did not manifest the neutrality or detachment required in issuing a warrant as he not only issued an invalid general warrant, but also became a member of the search party. 442 U.S. at 326-27, 99 S. Ct. at 2324-25. No similar circumstances exist here. Furthermore, we have also determined that an issuing magistrate fails to exhibit the neutrality and detachment required by failing to read an affidavit and warrant and, instead, relying on the mere fact that officers are asking for a warrant, thereby acting as a "rubber stamp." *Martin*, 297 F.3d at 1316. Again, Cruse has set forth no evidence or even argument that the state court judge failed to read the affidavit.

Second, the affidavit leading to the search warrant did not lack indicia of probable cause because it identified a connection between Cruse, the residence to be searched, and marijuana distribution, and the informant's veracity and basis of knowledge were sufficiently demonstrated. In determining whether the affidavit establishes probable cause, the affidavit must "state facts sufficient to justify a conclusion that evidence or contraband will probably be found at the premises to be searched." *Id.* at 1314 (internal quotation marks and citation omitted). Therefore, the affidavit must show that a "fair probability existed that seizable evidence would be found in the place sought to be searched." *Id.* (internal

6

quotation marks and citation omitted). When the affidavit relies upon an informant, the affidavit must demonstrate the informant's "veracity" and "basis of knowledge." *Id.* (citation omitted). Here, the affidavit established a connection between (1) Cruse and the residence and (2) the residence and alleged marijuana distribution.[2]

Third, the affidavit specified the location to be searched and the items to be seized, including a firearm and drugs. As such, the warrant was not so facially deficient that the executing officers could not have presumed it to be valid. Contrary to Cruse's argument, the inclusion of the "catch-all" provision does not render the warrant "so facially deficient . . . that the executing officers cannot reasonably presume it to be valid." *Leon*, 468 U.S. at 923, 104 S. Ct. at 3421. *See Andresen v. Maryland*, 427 U.S. 463, 480 n.10, 96 S. Ct. 2737, 2748 n.10 (1976) (concluding that a warrant listing specific items to be seized and ending with "together with other fruits, instrumentalities and evidence of crime at this (time) unknown" did not render it an invalid "general" warrant).

Lastly, as to both the third and fourth circumstances, Cruse relies on *Groh*,

---

[2] Cruse also asserts that the information upon which the affidavit relied was stale. We disagree. The information relied upon in the affidavit was one week old, and we have rejected staleness challenges to older information. *See United States v. Green*, 40 F.3d 1167, 1170, 1172 (11th Cir. 1994) (rejecting a staleness challenge where the affidavit alleged that an informant had most recently purchased cocaine from a location the month before the affidavit was submitted).

in which the Supreme Court held, in the context of a 42 U.S.C. § 1983 action against federal and county law enforcement officers, that a search warrant that failed to describe the evidence to be seized was invalid on its face and could not have been reasonably relied upon. 540 U.S. at 557-58, 124 S. Ct. at 1289-90. In *Groh*, however, the search warrant did not list any particular items to be seized whereas the search warrant here specifically listed items to be seized, including firearms and drugs.

Upon review of the parties' briefs as well as the entire record, we find that the district court did not err in determining that the good faith exception allowed the search of Cruse's residence. Accordingly, we affirm.

**AFFIRMED.**